**EXHIBIT 1**
**DEFENDANTS' SENTENCING OBJECTIONS**
**Case No.  CR-12-1606-SRB**

**FDIC**

**Federal Deposit Insurance Corporation**
1601 Bryan St., Dallas, Texas 75291                                    Division of Resolutions and Receiverships

September 9, 2014

Department of the Treasury
Internal Revenue Service
Attn.: SA – Brandon Lopez
IRS Criminal Investigations
1818 E. Southern Avenue
Mesa, AZ 85204

Re:     *United States v. Paxton Anderson*           Case No.: *CR-12-0166-001-PHX-SRB*

**VICTIM IMPACT/LOSS STATEMENT OF THE FDIC**
**TOTAL LOSS: $1,161,594.00**

Dear Mr. Lopez:

The FDIC, as receiver of TierOne Bank (10248 – TierOne) is a victim in the above-referenced case. The total actual loss from the crime committed by the defendant is **$1,161,594.00**. TierOne Bank, the original lender failed on June 4, 2010 and the FDIC was appointed as Receiver. To the best of my knowledge, the loss amount takes into account any payments received from the defendant or other sources, including insurance proceeds or proceeds from the liquidation of related assets.

The FDIC is the only party entitled to restitution for losses suffered by the failed insured financial institution. The depositors and creditors of the failed insured financial institution will be paid from available assets of the receivership in accordance with federal law. Restitution payments are among the assets of the receivership available for distribution. In multiple-victim cases, the FDIC is entitled to its *pro rata* share of any payments made by the defendant or on the defendant's behalf. In 2007 the Department of Justice and the FDIC entered into a Memorandum of Understanding regarding the FDIC's rights as a victim when it is appointed a Receiver for a failed financial institution. In particular, the MOU recognizes that the FDIC is neither the "United States" for purposes of 18 U.S.C. § 3664(i) nor an insurer for purposes of 18 U.S.C. § 3664(j). A copy is available at:

*http://www.fdic.gov/bank/individual/failed/FDIC_Receiver_Restitution_MOU.pdf*

Further, the FDIC requests that the court enter as part of the J&C a statement that the FDIC is not considered as the "United States" or an insured for purposes of being paid restitution in multiple victim cases. This is in accordance DOJ/FDIC MOU referenced above.

To ensure that the defendant receives credit, payments should be accompanied by the defendant's name, case number, and the name of the institution, **10248 – TierOne**, and send to the following address:

FDIC Restitution Payments
P.O. Box 971774
Dallas, TX 75397-1774

If you should have any questions or need additional information, please do not hesitate to contact me at.

FDIC as Receiver for TierOne Bank
DRR Investigations
Attn.: Restitutions Unit
1601 Bryan Street, MS 8.08118
Dallas, Texas 75201-3430

Telephone: (972) 560-1967
E-mail: miburrowes@fdic.gov

Sincerely,

Michael Burrowes
Resolutions & Receivership Specialist/Investigator

cc:    file

**FDIC**

**Federal Deposit Insurance Corporation**
1601 Bryan St., Dallas, Texas 75291                                                     Division of Resolutions and Receiverships

---

September 9, 2014

Department of the Treasury
Internal Revenue Service
Attn.: SA – Brandon Lopez
IRS Criminal Investigations
1818 E. Southern Avenue
Mesa, AZ 85204

Re:     *United States v. Joseph Plany*            Case No.: *CR-12-0166-002-PHX-SRB*

**VICTIM IMPACT/LOSS STATEMENT OF THE FDIC
TOTAL LOSS: $1,161,594.00**

Dear Mr. Lopez:

  The FDIC, as receiver of TierOne Bank (10248 – TierOne) is a victim in the above-referenced case. The total actual loss from the crime committed by the defendant is **$1,161,594.00**. TierOne Bank, the original lender failed on June 4, 2010 and the FDIC was appointed as Receiver. To the best of my knowledge, the loss amount takes into account any payments received from the defendant or other sources, including insurance proceeds or proceeds from the liquidation of related assets.

  The FDIC is the only party entitled to restitution for losses suffered by the failed insured financial institution. The depositors and creditors of the failed insured financial institution will be paid from available assets of the receivership in accordance with federal law. Restitution payments are among the assets of the receivership available for distribution. In multiple-victim cases, the FDIC is entitled to its *pro rata* share of any payments made by the defendant or on the defendant's behalf. In 2007 the Department of Justice and the FDIC entered into a Memorandum of Understanding regarding the FDIC's rights as a victim when it is appointed a Receiver for a failed financial institution. In particular, the MOU recognizes that the FDIC is neither the "United States" for purposes of 18 U.S.C. § 3664(i) nor an insurer for purposes of 18 U.S.C. § 3664(j). A copy is available at:

*http://www.fdic.gov/bank/individual/failed/FDIC_Receiver_Restitution_MOU.pdf*

  Further, the FDIC requests that the court enter as part of the J&C a statement that the FDIC is not considered as the "United States" or an insured for purposes of being paid restitution in multiple victim cases. This is in accordance DOJ/FDIC MOU referenced above.

  To ensure that the defendant receives credit, payments should be accompanied by the defendant's name, case number, and the name of the institution, **10248 – TierOne**, and send to the following address:

      FDIC Restitution Payments
      P.O. Box 971774
      Dallas, TX 75397-1774

  If you should have any questions or need additional information, please do not hesitate to contact me at.

FDIC as Receiver for TierOne Bank
DRR Investigations
Attn.: Restitutions Unit
1601 Bryan Street, MS 8.08118
Dallas, Texas 75201-3430

Telephone: (972) 560-1967
E-mail: miburrowes@fdic.gov

Sincerely,

Michael Burrowes
Resolutions & Receivership Specialist/Investigator


cc:     file

Victim Impact Statement: Loss Calculation
10248 - Tier One Bank (Victim)

**Defendant:** Joseph Plany - Case No. CR-12-0166-002-PHX-SRB
Paxton Anderson - Case No. CR-12-0166-001-PHX-SRB

|   | Property Address | Loan Date | Loan Amount | Sale Date | Sales Price | Losses Realized |
|---|---|---|---|---|---|---|
| 1 | 9445 N. Desert Wash Trail, Fountain Hill, AZ | 4/18/2005 | $ 1,293,750.00 | 8/6/2008 | $ 900,000.00 | $ 393,750.00 |
| 2 | 37475 N. 104th Place, Scottsdale, AZ | 2/17/2006 | 1,467,844.00 | 3/28/2011 | 700,000.00 | 767,844.00 |
|   |   |   |   |   | **Total** | **$ 1,161,594.00** |