**EXHIBIT 3**
**DEFENDANTS' SENTENCING OBJECTIONS**
**Case No.  CR-12-1606-SRB**

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

AUG 1 6 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
```

1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona

3   KEVIN M. RAPP
    Assistant U.S. Attorney
4   Arizona State Bar No. 014249
    kevin.rapp@usdoj.gov
5   Two Renaissance Square
    40 N. Central Avenue, Suite 1200
6   Phoenix, Arizona 85004-4408
    Telephone (602) 514-7500
7   Attorneys for Plaintiff

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF ARIZONA

10  | United States of America, | CR-13-1155-PHX-GMS |

11  |              Plaintiff, |

12  |        v. | **I N F O R M A T I O N** |

13  | Greg Joseph Sanchez, | VIO:  Title 18 U.S.C. §§ 371 and 1344 |
    |  | (Conspiracy to Commit Bank |
14  |              Defendant. | Fraud) |
    |  | (Count One) |

15

16  THE UNITED STATES ATTORNEY CHARGES:

17                        **COUNT 1**

18            **Conspiracy to Commit Bank Fraud**

19                 **[Title 18 U.S.C. § 371]**

20                        **COUNT 1**

21  1.      From on or about July 27, 2005 up to and including February, 2007, within the District

22  of Arizona and elsewhere, SANCHEZ and others did knowingly and willfully devise and intend

23  to devise a scheme and artifice to defraud M & I Bank and to obtain money from M & I Bank

24  by means of false and fraudulent pretenses, representations, and promises and by intentional

25  concealment and omission of material facts.

26

27

28

Anderson-000991

**The Scheme and Artifice to Defraud**

2.     It was part of the scheme and artifice to defraud that SANCHEZ and others, devised a scheme to purchase real properties with mortgage loan applications that falsely represented the buyer's assets, income, mortgage debts, sources of intended down-payment and intent to occupy the improved property as a primary residence.

**Execution of the Bank Fraud Scheme**

3.     From on or about July 27, 2005 up to and including February, 2007, within the District of Arizona, and elsewhere, SANCHEZ and others for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so knowingly made misrepresentations to federally insured M & I Bank, Tier One and Regions Bank with the intent to obtain mortgage financing on properties and for construction loans.

**Acts in Furtherance of the Scheme to Defraud**

4.     During the time period of the scheme SANCHEZ knew or could foresee that loan applications were being submitted for lot and construction loans from M&I Bank and other lenders, and that the applicants (including Sanchez) were instructed and/or coached on how to complete loan applications in a manner that misrepresented the applicant's income, assets, and/or liabilities.

5.     SANCHEZ and others recruited "straw" buyers, and facilitated at least 30 property transactions that were involved in the mortgage fraud scheme.

6.  SANCHEZ knew that the loan officers who prepared many of the loan applications for the buyers would determine what income, assets, and liabilities would need to be stated on loan applications so that the "straw" buyers would qualify for loans.

7. During the time period of the scheme, SANCHEZ owned and operated Digigroup, Inc. Digigroup was falsely listed as the employer for a number of the "straw" buyers. In furtherance of the scheme, SANCHEZ also modified other documents to create fraudulent documents that were submitted to financial institutions for the purpose of obtaining loans.

2

Anderson-000992

1                                    **Overt Acts**

2    8. On November 18, 2005, SANCHEZ, at the request of Anderson, misrepresented that

3    ANDERSON's mother, S.A., worked for SANCHEZ's company Digigroup, when in fact she

4    did not.

5    9. On December 23, 2005, SANCHEZ at the direction of ANDERSON, misrepresented his

6    employee, B.B.'s, income so that he would be able to qualify for a loan.

7

8            Dated this 14th day of June, 2013.

9
                                            JOHN S. LEONARDO
10                                          United States Attorney
                                            District of Arizona
11

12

13                                          _Kevin M. Rapp_
                                            Kevin M. Rapp
14                                          Assistant U.S. Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3

Anderson-000993

_____ RECEIVED _____ COPY

AUG 1 6 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP
   Assistant U.S. Attorney
4  State Bar Number: 014249
   Email: kevin.rapp@usdoj.gov
5  Two Renaissance Square
   40 North Central Avenue, Suite 1200
6  Phoenix, Arizona 85004
   Telephone (602) 514-7500
7  Attorneys for Plaintiff

8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF ARIZONA

11 | United States of America,          |  CR-13-1155-PHX-GMS

12 |              Plaintiff,

13 |       v.                           |  **PLEA AGREEMENT**

14 | Greg Joseph Sanchez,

15 |              Defendant.

16

17        Plaintiff, United States of America, and defendant, Greg Joseph Sanchez, with the

18 consent and agreement of defense counsel, hereby agree to the following disposition of this

19 matter:

20                              **PLEA**

21        Defendant will plead guilty to the following:  Count 1 of the information charging a

22 violation of Title 18, United States Code, Sections 371 and 1344, Conspiracy to Commit Bank

23 Fraud, a Class D Felony Offense.

24                             **TERMS**

25        Defendant understands that the Court is required to consider the United States Sentencing

26 Guidelines ("U.S.S.G." or "Sentencing Guidelines"), among other factors in Title 18, United

27 States Code, Section 3553, in determining defendant's sentence.  Defendant understands,

28 however, that the Sentencing Guidelines are only advisory, and that after considering the

Anderson-000994

Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

**1.** **Maximum Penalties**

a. Count 1: A violation of 18 United States Code Section 371 is punishable by a maximum fine of $250,000 (or pursuant to Title 18, United States Code, Section 3571(d), the Court may impose an alternative maximum fine of the greater of twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss suffered by another person because of the offense), a maximum term of imprisonment of five (5) years, a term of supervised release of three (3) years, or all three combined. If probation is available, the maximum period of probation is five (5) years.

b. According to the advisory Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

(1) Order defendant, pursuant to Title 18, United States Code, Section 3663, to make restitution to any victim of the offense, unless the Court determines that restitution is not mandatory (see Title 18, United States Code, Section 3663A) and would not be appropriate in this case;

(2) Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein; and

(3) Order defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases.

c. Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on defendant of $100.00. Defendant agrees that the special assessment shall be due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2

Anderson-000995

2. **Agreements Regarding Sentencing**

     a.    <u>Stipulation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C) the parties stipulate that the loss range is greater than $30,000 but less than $70,000.

     b.    <u>Recommendations Are Not Binding On The Court.</u> Defendant understands that recommendations by the United States are not binding on the Court, and that the Court's discretion is not restricted, provided the sentence imposed does not exceed the statutory maximum. Defendant understands that if the Court imposes a sentence different from what the United States recommends, the defendant will <u>not</u> be permitted to withdraw the guilty plea.

     c.    <u>The Court May Reject Plea Agreement.</u> If the Court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

     d.    <u>Acceptance of Responsibility.</u> Assuming the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend: (1) a two-point reduction in the advisory sentence guideline offense level, as set forth in Section 3E1.1 of the Guidelines; or (2) if defendant's offense level is a level 16 or greater, before factoring in any reduction for acceptance of responsibility, the United States will recommend a three-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the U.S.S.G.

     e.    <u>Criminal History Options.</u> This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement. The government is not aware of any criminal history for the defendant.

3

Anderson-000996

1        f.   <u>Statements, Responses, and Objections by United States.</u> The United States retains

2   the unrestricted right to make any and all statements it deems appropriate to the U.S. Probation

3   Office and to make factual and legal responses to any statements made by the defendant or

4   defense counsel or objections to the presentence report or to questions by the Court at the time

5   of sentencing.

6   **3.    Agreement to Make Restitution**

7        Defendant specifically agrees to make restitution as ordered by the Court not to exceed

8   $65,000, the precise amount to be determined at sentencing.

9   **4.    Waiver of Defenses and Appeal Rights**

10       The defendant waives any and all motions, defenses, probable cause determinations, and

11  objections which the defendant could assert to the Indictment, or to the Court's entry of

12  judgment against the defendant, and imposition of sentence upon the defendant, provided the

13  sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal

14  the Court's entry of judgment against defendant; (2) any right to appeal the imposition of

15  sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals);

16  and (3) any right to collaterally attack defendant's conviction and sentence under Title 28,

17  United States Code, Section 2255, or any other collateral attack. The defendant acknowledges

18  that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might

19  file challenging his conviction or sentence in this case.

20  **5.    Perjury and Other False Statement Offenses or Other Offenses**

21       Nothing in this agreement shall be construed to protect the defendant in any way from

22  prosecution for perjury, false declaration or false statement, or any other offense committed by

23  defendant after the date of this agreement. Any information, statements, documents, and

24  evidence which defendant provides to the United States pursuant to this agreement may be used

25  against the defendant in all such prosecutions.

26

27

28                      4

Anderson-000997

6.      **Reinstitution of Prosecution**

        If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

7.      **Disclosure of Information to U.S. Probation Office**

        Defendant will cooperate fully with the U.S. Probation Office. Such cooperation will include truthful statements in response to any questions posed by the U.S. Probation Office, including, but not limited to:

        (1)      All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

        (2)      All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

        (3)      All history of drug abuse which would warrant a treatment condition as part of sentencing.

        (4)      All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

8.      **Forfeiture, Civil, and Administrative Proceedings**

        a.      Nothing in this agreement shall be construed to protect defendant from civil or administrative forfeiture proceedings, or prohibit the United States from proceeding with and/or initiating a civil or administrative forfeiture action. If requested by the United States, the defendant will testify in any civil or administrative forfeiture proceeding, and such testimony will be truthful.

5

Anderson-000998

b.      Defendant will identify all assets, and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in the Indictment. Defendant agrees to take all steps as requested by the United States to obtain from any other parties, by any lawful means, any records of assets owned by the defendant.

c.      If so requested by the United States, defendant will consent to the forfeiture of all forfeitable assets, and shall transfer such assets to the United States as directed by the United States.

## ELEMENTS AND FACTUAL BASIS

### Elements

I, Greg Joseph Sanchez, agree that if this matter were to proceed to trial, the United States could prove I committed the crime of Conspiracy to Commit Bank Fraud within the District of Arizona during the times specified in the Information. Specifically, I agree that at trial, the United States could prove the elements of the crime of Bank Fraud beyond a reasonable doubt.

### Conspiracy

I understand that the essential elements of Conspiracy, in violation of Title 18, United States Code, Section 371, are as follows:

(1) Within the time frame set forth in the Information, in the District of Arizona, there was an agreement between two or more persons to commit one or more of the crimes of Bank Fraud;

(2) Defendant became a member of the conspiracy knowing of at least one of its objects (Bank Fraud) and intending to help accomplish it; and

(3) One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

//

//

//

6

Anderson-000999

**Bank Fraud**

     I understand that the essential elements of Bank Fraud, in violation of Title 18, United States Code, Section 1344, are as follows:

     (1) Greg Sanchez and others knowingly executed a scheme or artifice to defraud M & I Bank, Tier One, Regions Bank and other Financial Institutions in order to obtain money, funds or other property owned by or under the control of the above financial institutions by means of material false or fraudulent pretenses, representations or promises as detailed in Count One of the information;

     (2) Greg Sanchez did so with the intent to defraud the above financial institutions;

     (3) A the time of Conspiracy the above financial institutions were then insured by the Federal Deposit Insurance Corporation.

### FACTUAL BASIS

(Conspiracy to Commit Bank Fraud)

     From approximately September 2003 up to approximately April 2007, in the District of Arizona, I, Greg Joseph Sanchez, conspired with Paxton Jeffrey Anderson, Michael Blemaster, Joseph John Plany, Greg Slater, and others to use unqualified "straw" buyers to purchase properties. I knew or could foresee that loan applications were being submitted to qualify for lot and construction loans from M&I Bank, Tier One, Regions Bank and other federally insured lenders, and that applicants (including myself) were instructed and/or coached on how to complete loan applications in a manner that misrepresented the applicant's income, assets, and/or liabilities. Anderson and I recruited "straw" buyers, and facilitated at least 30 property transactions that were involved in the mortgage fraud scheme.

     I knew that Blemaster was a mortgage broker and Slater was the loan officer at M&I Bank who facilitated the approval of many of the loan applications for the scheme. Often in my presence, Anderson, Slater and Blemaster would determine what income, assets, and liabilities

7

1 would need to be stated on loan applications so that the "straw" buyers would qualify for
2 loans. It was then up to Anderson and me to make sure that the loan documents matched Slater
3 and Blemaster's instructions.

4       During the time period of the scheme, I owned and operated Digigroup, Inc
5 (Digigroup). Digigroup was falsely listed as the employer for a number of the "straw"
6 buyers. On one occasion Anderson asked me to inflate the salary of Bill Bailey (a legitimate
7 DigiGroup employee) so Bailey could qualify for a loan, which I did. Anderson also asked me
8 to verify employment for "straw" borrowers, including Sandra Anderson, who did not work for
9 me, for the purpose of obtaining loans, which I did as well. None of Anderson's family members
10 ever worked for me. In furtherance of the scheme, I also modified other documents to create
11 fraudulent documents that were submitted to financial institutions for the purpose of obtaining
12 loans. I was also aware that Anderson was submitting fraudulent invoices in support of draw
13 requests. Lastly, I knew that both Plany and Anderson forged draw requests and submitted them
14 to the banks for payment.

15                             **I Swear to the Accuracy of My Statements**

16       I understand that I will have to swear under oath to the accuracy of this statement, and
17 if I should be called upon to testify about this matter in the future, any intentional material
18 inconsistencies in my testimony may subject me to additional penalties of perjury or false
19 swearing which may be enforced by the United States under this agreement.

20                         **DEFENDANT'S APPROVAL AND ACCEPTANCE**

21       I have read each of the provisions of the entire plea agreement with the assistance of
22 counsel and understand its provisions.

23       I have discussed the case and my constitutional and other rights with my attorney. I
24 understand that by entering my plea of guilty I will be giving up my rights to plead not guilty,
25 to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present
26 evidence in my defense, to remain silent and refuse to be a witness against myself by asserting
27 my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed

28                            8

1 innocent until proven guilty beyond a reasonable doubt.

2     I agree to enter my guilty plea as indicated above on the terms and conditions set forth
3 in this agreement.

4     I have been advised by my attorney of the nature of the charges to which I am entering
5 my guilty plea. I have further been advised by my attorney of the nature and range of the
6 possible sentence and that my ultimate sentence will be determined after consideration of the
7 advisory Sentencing Guidelines. I understand that the Guideline Range referred to herein or
8 discussed with my attorney is not binding on the Court and is merely an estimate.

9     My guilty plea is not the result of force, threats, assurances or promises other than the
10 promises contained in this agreement. I agree to the provisions of this agreement as a voluntary
11 act on my part, and I agree to be bound according to its provisions.

12     I fully understand that, if I am granted probation or placed on supervised release by the
13 Court, the terms and conditions of such probation/supervised release are subject to modification
14 at any time. I further understand that, if I violate any of the conditions of my probation/
15 supervised release, my probation/supervised release may be revoked and upon such revocation,
16 notwithstanding any other provision of this agreement, I may be required to serve a term of
17 imprisonment or my sentence may otherwise be altered.

18     I agree that this written plea agreement contains all the terms and conditions of my plea
19 and that promises made by anyone (including my attorney), and specifically any predictions as
20 to the guideline range applicable, that are not contained within this written plea agreement are
21 without force and effect and are null and void.

22     I am very satisfied that my defense attorney has represented me in a competent manner.

9

Anderson-001002

1  I am fully capable of understanding the terms and conditions of this plea agreement. I
2  am not now on or under the influence of any drug, medication, liquor, or other intoxicant or
3  depressant, which would impair my ability to fully understand the terms and conditions of this
4  plea agreement.

6  Date 8/16/13                                      Greg Joseph Sanchez
7                                                    Defendant

8                           **DEFENSE ATTORNEY'S APPROVAL**

9          I have discussed this case and the plea agreement with my client, in detail and have
10 advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional
11 and other rights of an accused, the factual basis for and the nature of the offense to which the
12 guilty plea will be entered, possible defenses, and the consequences of the guilty plea including
13 the maximum statutory sentence possible. I have further discussed the concept of the advisory
14 Sentencing Guidelines with the defendant. No assurances, promises, or representations have
15 been given to me or to the defendant by the United States or by any of its representatives which
16 are not contained in this written agreement. I concur in the entry of the plea as indicated above
17 and on the terms and conditions set forth in this agreement as in the best interests of my client.
18 I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all
19 the requirements of Fed. R. Crim. P. 11.

23 Date 8/16/13                                      Lee D. Stein
24                                                   Attorney for Defendant

10

Anderson-001003

1

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

8/16/13
Date

KEVIN M. RAPP
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

_____
Date

_____
U.S. District Court Judge

11

Anderson-001004

JOHN S. LEONARDO
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona Bar No. 014249
Kevin.Rapp@usdoj.gov

Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR |
| Plaintiff, | |
| v. | **COOPERATION ADDENDUM**<br>**TO THE PLEA AGREEMENT** |
| Greg Joseph Sanchez, | **(Filed Under Seal)** |
| Defendant. | |

Plaintiff, the United States of America, and the defendant, Greg Joseph Sanchez, hereby agree to amend and supplement the terms and conditions of the Plea Agreement, dated August 16 2013, to reflect the agreements, rights, and responsibilities of the parties regarding the defendant's cooperation with the United States.

Except as otherwise expressly provided herein, the terms and conditions set forth in this Addendum shall supplement and not replace the terms and conditions set forth in the Plea Agreement. If the Court, after reviewing the Plea Agreement and this Addendum, concludes that any provision therein or herein is inappropriate, it may reject both the Plea Agreement and this Addendum, jointly and in whole but not separately or in part, giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

**I.    Cooperation Required**

a.    If requested by the United States, the defendant shall meet with representatives of the United States at any reasonable time and place and, in such meetings, shall (i) waive the Fifth Amendment privilege against self-incrimination; (ii) answer all questions asked about any topic whatsoever; and (iii) provide full and complete information about the topics discussed in each

1    interview, if necessary by volunteering information about which no questions are asked.

2          b.      If requested by the United States, the defendant shall deliver to the United States

3    any documents and other items to which the defendant has access.

4          c.      If requested by the United States, the defendant shall testify at any time and place

5    and, when testifying, shall not invoke the Fifth Amendment privilege against self-incrimination.

6          d.      All information, evidence, and testimony provided by the defendant pursuant to

7    this Addendum, on any topic whatsoever, shall be truthful, honest, candid, and complete with

8    no knowing and material omissions or false statements.  The defendant shall not attempt to either

9    protect or falsely implicate any person or entity through false information or omission.

10         e.      The United States Attorney's Office for the District of Arizona shall not use

11   directly against the defendant in any criminal proceeding (other than a criminal forfeiture

12   proceeding) any evidence provided by the defendant pursuant to this Addendum.  Additionally,

13   pursuant to Section 1B1.8 of the Sentencing Guidelines, the Court shall not use such evidence

14   in determining the defendant's advisory Sentencing Guidelines range.  For the avoidance of

15   doubt, however, the United States may (i) make derivative use of evidence provided by the

16   defendant pursuant to this Addendum, and (ii) use such evidence directly against the defendant

17   in  any criminal forfeiture proceeding and any administrative or civil proceeding.

18         f.      The defendant shall work undercover only under the direct supervision of law

19   enforcement officers and with the prior approval of the Court.

20         g.      Without the prior consent of the United States Attorney's Office for the District

21   of Arizona, the defendant shall not disclose or reveal to any third party the fact that the defendant

22   is cooperating, or the nature of any information that has been obtained by the United States.  The

23   defendant shall notify the United States as soon as possible of any such disclosures.

24         h.      The defendant shall notify the United States as soon as possible of any interactions

25   or contacts with any subject or target of any ongoing criminal investigation, any criminal

26   defendant, or their respective counsel or associates.

27         i.      The defendant shall not violate any local, state, federal or foreign laws.

28         j.      The defendant recognizes that pleading guilty may have consequences with respect

Anderson-001006

to his immigration status if defendant is a recently naturalized United States citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status in the United States.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

**II.      Additional Agreements Regarding Sentencing**

a.      The defendant shall request sentencing be deferred until following the trial of co-conspirators Paxton Anderson  and Joey Plany. After such period, if the United States wishes for the defendant's cooperation to continue, the defendant shall not oppose any motions to continue the defendant's sentencing.

b.      Prior to the defendant's sentencing, the United States shall in good faith consider moving the Court to depart downward from the Sentencing Guidelines, and if applicable impose a sentence below the level established by law as the minimum sentence, pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), respectively.

c.      At sentencing and any other appropriate time, the United States shall bring the nature and extent of the defendant's cooperation to the attention of the Court and/or the Federal Bureau of Prisons.

**III.     Breach of the Plea Agreement or Addendum**

a.      If the defendant fails to comply with any of the defendant's obligations or promises set forth in the Plea Agreement or this Addendum, the United States may:

i.      in its sole and absolute discretion, declare any provision of the Plea Agreement and this Addendum null and void, without giving the defendant any right or option to withdraw from the Plea Agreement, this Addendum, or the plea of guilty;

ii.      recommend any sentence, up to and including the statutory maximum

3

1  sentence;

2            iii.  prosecute the defendant, or reinstitute prosecution of the defendant, for any

3  and all crimes committed by the defendant, notwithstanding the Statute of Limitations, the

4  Speedy Trial Act, and any constitutional restrictions in bringing later proceedings;

5            iv.  use in any manner, and in any proceeding, any evidence provided by the

6  defendant before or after execution of this Addendum; and

7            v.  advise the Bureau of Prisons that the defendant is no longer a cooperating

8  witness, and recommend redesignation of the defendant to a higher custodial level.

9      b.  If there is a dispute regarding the obligations of the parties under this agreement,

10  the United States District Court shall determine whether the United States or the defendant has

11  failed to comply with this agreement including whether the defendant has been truthful.

12

13  **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

14      I have read this entire Addendum with the assistance of my attorney.  I understand

15  each of its provisions, and I voluntarily agree to it.

16      I have discussed the case and my constitutional and other rights with my attorney.  I

17  understand that by entering into this Addendum I will waive my privilege against self-

18  incrimination.

19      I agree to cooperate with the United States on the terms and conditions set forth in this

20  Addendum.

21      I have been advised by my attorney of the nature of my cooperation with the United

22  States, including the substance of the applicable statutes and Sentencing Guidelines provisions,

23  and the consequences of any failure to meet my cooperation obligations.  I have further been

24  advised by my attorney of the nature and range of the possible sentence and that my ultimate

25  sentence will be determined by the Court after consideration of the advisory Sentencing

26  Guidelines.

27      My cooperation is not the result of force, threats, assurances or promises other than the

28  promises contained in this Addendum.  I agree to the provisions of this Addendum as a voluntary

4

act on my part, and I agree to be bound according to its provisions.

I agree that the Plea Agreement and this written Addendum contain all the terms and conditions of my plea and cooperation.  I further agree that promises, including any predictions as to the Sentencing Guidelines range or to any Sentencing Guidelines factors that will apply, made by anyone (including my attorney) that are not contained within the Plea Agreement and this written Addendum are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this Addendum.  I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant, that would impair my ability to fully understand the terms and conditions of this Addendum.


_____                    _____
Date                                                     Greg Joseph Sanchez
                                                             Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and this Addendum with my client in detail, and I have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, cooperation with the United States, and the consequences of failing to satisfy the defendant's cooperation obligations as provided herein.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  Neither the United States nor any of its representatives has given me or the defendant any assurances, promises, or representations that are not contained in this written Addendum.  I concur in the defendant's agreement to cooperate and that the terms and conditions set forth in this Addendum are in the best interests of my client.  I agree to make a bona fide effort to ensure that the cooperation obligations as provided herein are satisfied.


_____                    _____
Date                                                     Lee D. Stein
                                                             Attorney for the Defendant

5

Anderson-001009

1

**APPROVAL OF THE UNITED STATES**

2    I have reviewed this matter and this Addendum.  I agree on behalf of the United States

3 that the terms and conditions set forth herein are appropriate and are in the best interests of

4 justice.

5                                          JOHN S. LEONARDO
                                           United States Attorney
6                                          District of Arizona

7

8 _____                    _____
   Date                                    KEVIN M. RAPP
9                                          Assistant U.S. Attorney

10

**ACCEPTANCE BY THE COURT**

11

12

13 _____                    _____
   Date                                    U.S. District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Anderson-001010